**LAW OFFICES OF JAY J. BLUMBERG, ESQ.**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Smith-Martin, M.D.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER L. MARKO and ROBERT MARKO,<br><br>Plaintiffs,<br>Vs.<br><br>NEW ENGLAND COMPOUNDING PHARMACY INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC; PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, also trading as PREMIER ORTHOPAEDIC ASSOCIATES; PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC; KIMBERLEY YVETTE SMITH, M.D.; JOHN DOE CORPORATIONS (1-4); and JOHN DOE(s), M.D. (1-3),<br><br>Defendants. | CIVIL ACTION NO. 1:12-cv- 07176<br><br>**ANSWER TO AMENDED COMPLAINT, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, CROSSCLAIM, AND SEPARATE DEFENSES ON BEHALF OF DEFENDANTS, PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, trading as PREMIER ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC AND KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERLEY SMITH-MARTIN, M.D.** |

The answering defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, a/k/a Kimberley Smith-Martin, M.D., 298 S. Delsea Drive, Vineland, New Jersey, by way of Answer to the Amended Complaint filed herein says:

### PARTIES

1. Neither admitted nor denied, and plaintiffs are left to their proof.

2. Neither admitted nor denied, and plaintiffs are left to their proof.

Paragraphs 3 through 10 - The defendants do not answer the allegations of these paragraphs, as the allegations thereof are not directed to them.

11. Neither admitted nor denied, and plaintiffs are left to their proof.

12. Neither admitted nor denied, and plaintiffs are left to their proof.

13. Neither admitted nor denied, and plaintiffs are left to their proof.

14. Neither admitted nor denied, and plaintiffs are left to their proof.

15. The defendants do not answer the allegations of this paragraph, as the allegations thereof are not directed to them.

16. The defendants do not answer the allegations of this paragraph, as the allegations thereof are not directed to them.

17. Neither admitted nor denied, and plaintiffs are left to their proof.

18. Admitted.

19. The defendants do not answer the allegations of this paragraph, as the allegations thereof are not directed to them.

20. The defendants do not answer the allegations of this paragraph, as the allegations thereof are not directed to them.

**FACTS**

Paragraphs 21 through 27 - Neither admitted nor denied, and plaintiffs are left to their proof.

COUNT I – VIOLATIONS OF THE PRODUCT LIABILITY ACT,
N.J. STAT. § 2A:58C-1 to 7.
JENNIFER L. MARKO AND ROBERT MARKO
V.
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/a/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOS, LLC, ALAUNUS PHARMACEUTICAL, LLC, PREMIERE ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC also trading as PREMIERE ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC AND JOHN DOE(S) CORPORATIONS (1-4)

28. The answers to the allegations of all aforementioned paragraphs are hereby repeated and made a part hereof in lieu of repetition.

29. Denied with respect to answering defendants.

30. Denied with respect to answering defendants.

31. Denied with respect to answering defendants.

32. Denied with respect to answering defendants.

33. Neither admitted nor denied, and plaintiffs are left to their proof.

COUNT II – NEGLIGENCE
JENNIFER L. MARKO and ROBERT MARKO
V.
NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOS, LLC, ALAUNUS PHARMACEUTICAL, LLC and JOHN DOE CORPORATIONS (1-4)

34. The answers to the allegations of all aforementioned paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 35 through 39 -The defendants do not answer the allegations of these paragraphs, as the allegations thereof are not directed to them.

## COUNT III – NEGLIGENCE
### JENNIFER L. MARKO and ROBERT MARKO
### V.
### PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC, also trading as PREMIERE ORTHOPAEDIC ASSOCIATES, PREMIERE ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, KIMBERLEY YVETTE SMITH, M.D. a/k/a KIMBERELY YVETTE SMITH-MRTIN, M.D., JOHN DOE CORPORATIONS (1-4) and JOHN DOE, M.D. (1-3)

40. The answers to the allegations of all aforementioned paragraphs are hereby repeated and made a part hereof in lieu of repetition.

41. Neither admitted nor denied, and plaintiffs are left to their proof.

42. Denied.

43. Denied.

## COUNT IV – BREACH OF EXPRESS WARRANTY
### JENNIFER L. MARKO and ROBERT MARKO
### V.
### NEW ENGLAND COMPOUNDING PHARMACY, INC., d/a/a NEW ENGLAND COMPOUNDING CENTER AMERIDOSE, LLC, ALAUNUS PHARMACEUTICAL, LLC and JOHN DOE CORPORATIONS (1-4)

44. The answers to the allegations of all aforementioned paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 45 through 47-The defendants do not answer the allegations of these paragraphs, as the allegations thereof are not directed to them.

## COUNT V. – LOSS OF CONSORTIUM

**PLAINTIFF, ROBERT MARKO**
**V.**
**NEW ENGLAND COMPOUNDING PHARMACY, INC., d/a/a NEW ENGLAND COMPOUNDING CENTER, AMERIDOSE, LLC, ALAUNUS PHARMACEUTICAL, LLC, PREMIERE ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES OF SOUTHERN NEW JERSEY, LLC also trading as PREMIERE ORTHOPAEDIC ASSOCIATES, PREMIER ORTHOPAEDIC ASSOCIATES SURGICAL CENTER, LLC, KIMBERLEY YVETTE SMITH, M.D., a/k/a KIMBERELY YVETTE SMITH-MARTIN, M.D., JOHN DOE(S) CORPORATIONS (1-4) AND JOHN DOE(S), M.D. (1-3)**

48. The answers to the allegations of all aforementioned paragraphs are hereby repeated and made a part hereof in lieu of repetition.

49. Neither admitted nor denied, and plaintiffs are left to their proof.

50. Denied with respect to answering defendants.

## SEPARATE DEFENSES

### First Separate Defense

The defendant(s) performed each and every duty owed to the plaintiff(s).

### Second Separate Defense

The defendant(s) violated no duty or obligation owed to the plaintiff(s).

### Third Separate Defense

The damages, if any, resulted solely and proximately from the conditions and/or parties over which the defendant(s) exercised no control.

### Fourth Separate Defense

The answering defendant(s) is entitled to a credit for any expenses paid by insurance or other third parties, which are claimed as damages by plaintiff(s), pursuant to N.J.S.A. 2A:15-97.

**Fifth Separate Defense**

The injuries and losses alleged by the plaintiff(s) were caused by and arose out of risks of which the plaintiff(s) had full knowledge and had assumed.

**Sixth Separate Defense**

The Complaint fails to state a claim upon which relief may be granted, and the answering defendant(s) specifically reserves the right to move to dismiss the Complaint for that reason at a later time.

**Seventh Separate Defense**

The answering defendant(s) asserts that plaintiff's(s') alleged losses and injuries are the result of an act by an independent, intervening agency or instrumentality over which the answering defendant(s) had no power or control.

**Eighth Separate Defense**

**(Claim for Contribution or Settlement Credit)**

While denying any liability to plaintiffs on the Complaint, and based upon information and belief, asserting that there is no basis for liability as to the other defendant(s), the answering defendant(s) nevertheless asserts a claim for contribution from co-defendant(s) pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53-A; and in the alternative contends that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other defendant(s) and such defendant(s) enter into a settlement agreement with plaintiff(s), in whole or in part, then the answering defendant(s) asserts a claim for a credit reducing the amount of any judgment in favor of plaintiff(s) against the answering defendant(s) to reflect the degree of fault allocated to the settling defendant(s) pursuant to **Young v. Latta**, 123 N.J. 584 (1991).

**Ninth Separate Defense**

Plaintiffs are barred by the statute of limitations

### Tenth Separate Defense

Plaintiffs are barred from recovery by reason of their negligence and/or contributory negligence.

### Eleventh Separate Defense

This matter is governed by the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.

### Specialty Certification

The answering defendant, Dr. Smith, specializes in the field of physical medicine and rehabilitation.

### Answer to Crossclaims

Answering defendant(s) deny each and every allegation of any and all crossclaims which may have been asserted or may be asserted against answering defendant.

### CROSSCLAIM FOR INDEMNIFICATION

1. The answering defendants deny negligence or any responsibility whatsoever for the acts complained of in the Complaint filed herein.

2. If, in fact, the defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., are found to have any responsibility in this matter, then, in that event, these answering defendants hereby crossclaim for indemnity, pursuant to contractual and/or common law indemnity against co-defendants.

WHEREFORE, the defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., demand judgment for indemnification against co-defendants for the entire amount of any

damages recovered against him/her/it, together with counsel fees and other costs of suit.

## CROSSCLAIM FOR CONTRIBUTION

Defendants, Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., demand contribution from the co-defendants under the provision of N.J.S.A 2A:53A-1, et seq., and 2A:15-5.3.

## NOICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorneys, counsel for the defendant(s), does hereby demand, pursuant to R.1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers, and other material referred to therein, upon the undersigned attorney and TAKE NOTICE that this is a continuing demand.

## JURY DEMAND

The answering defendant hereby demands a trial by jury, according to Rule 1:8 and 4:35.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26, et seq., defendant hereby demands plaintiffs to produce an Affidavit of Merit within the time allotted therein.

## TRIAL DESIGNATION

Jay J. Blumberg, Esq. has been designated as trial counsel in the above matter pursuant to R.4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1  The matter in controversy is not the subject matter of any other action pending in any court or of a pending arbitration proceeding.

2  Another action or arbitration proceeding is not contemplated.

3  There are no other names and addresses of any parties who should be joined in the action.

I do hereby certify that a copy of the within pleading was served within the time prescribed under R.4:6.

                        LAW OFFICES OF JAY J. BLUMBERG, ESQ.
                        Attorneys for Defendant(s),
                        Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D. a/k/a Kimberley Yvette Smith-Martin, M.D.

                        By: _____
                                Jay J. Blumberg, Esq.

I do hereby certify that a copy of the within pleading was served, pursuant to R.1:5-3, by mailing same to:

Michael F. Barrett, Esq.
Mary T. Gidaro, Esq.
SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
**Attorney(s) for Plaintiffs**

Frederick H. Fern, Esq.
Steven A. Stadtmauer, Esq.
Harris Beach, PLLC
One Gateway Center, Suite 2500
Newark, NJ 07102
**Attorney(s) for Defendant, New England Compounding Pharmacy, Inc.**

Matthew Moriarty, Esq.
Tucker Ellis, LLP
925 Euclid Ave., Suite 1150
Cleveland, OH  44115
**Attorney(s) for Defendant, Ameridose, LLC**

Franklin Levy, Esq.
Lawson Weitzen
88 Black Falcon Ave.
Suite 345
Boston, MA  02210
**Attorney(s) for Defendant, Alaunus Pharmaceutical, LLC**

LAW OFFICES OF JAY J. BLUMBERG, ESQ.
Attorneys for Defendant(s),
Premier Orthopaedic and Sports Medicine Associates of Southern New Jersey, LLC, trading as Premier Orthopaedic Associates, Premier Orthopaedic Associates Surgical Center, LLC, and Kimberley Yvette Smith, M.D., a/k/a Kimberley Yvette Smith-Martin, M.D.



By _____
        Jay J. Blumberg, Esq.